UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA GUNN,

       Plaintiff,

v.                                           Case No. 1:14-cv-675
                                           Hon. Ray Kent
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                                    /

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born on July 26, 1959 (AR 191).[1] She completed one year of college, had specialized training at a "mortgage school," and past employment as an office assistant, secretary, escrow officer, mortgage loan processor, and mortgage officer (AR 19, 196). Plaintiff alleged a disability onset date of February 22, 2010 (AR 14). She identified her disabling conditions as: back injury; "trigger finger"; De Quervains [2]; and degenerative disc disease, multi levels (AR 195). The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on February 28, 2013 (AR 13-20). This decision, which was later

---

[1] Citations to the administrative record will be referenced as (AR "page #").

[2] "De Quervain's disease is defined as 'fibrosis of the sheath of a tendon of the thumb.'" *Gray v. Colvin*, No. 3:12-CV-788-CWR-FKB, 2014 WL 1153077 at *5, fn. 7 (S.D. Miss. Mar. 21, 2014) (quoting *Stedman's Medical Dictionary* (26th ed.1995)).

approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 22, 2010, and that she met the insured status requirements of the Social Security Act through December 31, 2015 (AR 14). At the second step, the ALJ found that plaintiff had the following severe impairments: degenerative changes of the lumbar spine with two shallow discs protrusions; left trochanteric bursitis; type one diabetes; and hypertension (AR 14). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 15).

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a). The claimant is limited to frequently lifting/carrying ten pounds and occasionally lifting/carrying less than ten pounds. The claimant is limited to standing/walking for two hours and sitting for six hours in an eight-hour workday. Jobs can never involve climbing ladders, ropes, or scaffolds, or walking on uneven surfaces. Jobs can less than frequently involve climbing ramps and stairs, stooping, crouching, crawling, and kneeling, but can frequently involve balancing. The claimant must avoid concentrated exposure to vibration and extremes of cold, and must avoid unprotected heights.

(AR 15).

The ALJ also found at the fourth step that plaintiff could perform her past relevant work as a mortgage loan processor, escrow officer, and secretary (AR 19). The ALJ found that this work did not require the performance of work related activities precluded by her residual functional capacity (RFC) (AR 19-20). Accordingly, the ALJ determined that plaintiff has not been under a

4

disability, as defined in the Social Security Act, from February 22, 2010 (the alleged onset date) through February 28, 2013 (the date of the decision) (AR 20).

### III. ANALYSIS

Plaintiff raised two issues on appeal:

**A.   The ALJ wrongfully discredited the opinion evidence proffered by plaintiff's treating orthopedic surgeons.**

Plaintiff contends that the ALJ improperly discounted the opinions of two of her treating physicians, Mark Moulton, M.D. and Anthony Wilson, M.D. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 376 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Here, the opinions referred to by plaintiff consisted of "to whom it may concern" letters containing a date, plaintiff's name, and "special instructions" consisting of cryptic phrases such as "total disability", "disabled unable to work", "totally disabled/unable to work" or "disabled/off work" (AR 306-12, 326-32, 342-46, 470, 485-89, 491, 494-96, 498, 501, 504). The doctor's letters did not explain plaintiff's impairments or any particular functional limitations. The ALJ addressed these opinions as unsubstantiated "work notes":

> As for the opinion evidence, during the period of September 24, 2010 through August 31, 2012, Dr. Moulton and Dr. Anthony Wilson, MD, another of the claimant's orthopedic doctors, provided many work notes opining the claimant was totally disabled and unable to work (Ex. 2F, 3F, 5F, 7F, 8F, and 9F). I give these opinions little weight, as there are few physical findings recorded in their notes to support these findings, nor do they attempt to explain why she is unable to perform any work. Moreover, these opinions infringe upon issues left to the Commissioner.

(AR 18).

Although the doctors were treating physicians, the ALJ was not bound by their conclusory statements that plaintiff was disabled or unable to work. *See* 20 C.F.R. § 404.1527(d)(1)

6

( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled"). Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Services*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984). The ALJ gave good reasons for assigning little weight to these conclusory opinions. Accordingly, plaintiff's claim of error will be denied.

> **B.     The ALJ failed to consider numerous medical findings, which resulted in the omission of severe medically determinable impairments and an inaccurate residual functional capacity (RFC).**
>
> **1.     ALJ's failure to identify additional severe impairments**

Plaintiff contends that the ALJ failed to identify her additional severe impairments of "hand/trigger finger problems" and peripheral neuropathy. Plaintiff's Brief (docket no. 12, PageID#572). A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Upon determining that a claimant has one severe impairment at step two of the sequential evaluation, the ALJ must continue with the remaining steps in the evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's RFC. *Id.* "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is

therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008). Here, the ALJ found that plaintiff had a impairments of: degenerative changes of the lumbar spine with two shallow discs protrusions; left trochanteric bursitis; type one diabetes; and hypertension (AR 14). The ALJ's failure to include other severe impairments at step two is legally irrelevant. *Anthony*, 266 Fed. Appx. at 457. Accordingly, plaintiff's claim of error will be denied.

### 2. The hypothetical question

Plaintiff contends that the ALJ's hypothetical question posed to the vocational expert (VE) did not accurately reflect her RFC because it failed to address the limitations caused by her non-severe conditions, i.e., the hand/finger problem and peripheral neuropathy. Plaintiff's Brief at p. ID# 574. Specifically, plaintiff contends that " no substantial evidence exists for the ALJ's decision" because "the ALJ relied primarily -- if not exclusively" on the VE's testimony in response to a flawed hypothetical question "in denying [her] benefits at Step 5 of the evaluation", and that the decision should be vacated on this ground. *Id.* Contrary to plaintiff's contention, the ALJ did not find her disabled at step five of the sequential evaluation. Rather, the ALJ found that plaintiff was disabled at step four because she could perform her past relevant work as a mortgage loan processor, escrow officer, and secretary (AR 19). The issue before the Court is whether substantial evidence supports the ALJ's decision that plaintiff was not disabled at step four. It is the claimant's burden to show an inability to return to any past relevant work at that step. *See Heston*, 245 F.3d at 534; *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). Plaintiff's brief does not address this issue. Accordingly, the Court deems this issue waived. *See Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (a court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments).

### 3. Plaintiff's RFC

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). Plaintiff contends that the ALJ's RFC determination did not account for her hand/finger problem or her peripheral neuropathy.

#### a. Plaintiff's hand/finger problem

Plaintiff contends that the ALJ did not address her right hand problems. Plaintiff's Brief, PageID# 573. The ALJ summarized plaintiff's medical history with respect to her hand problems as follows:

> The claimant underwent injections for left trigger finger in October 2010. During a November 2010 office visit, David Folkmier, DO, an orthopedist, noted both of the claimant's hands were doing very well, and all of her symptoms had resolved (Ex. 2F/10). Then in June 2012, the claimant underwent left trigger thumb release, and during a July 2012 office visit, she reported her hand numbness was much better (Ex. 8F/6, 14).

(AR 14).

As an initial matter, the records cited by the ALJ from July 5, 2012 (Ex. 8F/6) addressed both plaintiff's right and left hand, noting that the doctor's "will get her work up done for the deQuervain's release on the right side" (AR 476). However, the ALJ did not explicitly address subsequent treatment records related to plaintiff's right hand. For example, on July 11, 2012, Dr. Moulton noted that plaintiff had pain in the index finger of her right hand, but no abnormality on x-rays (AR 475). The doctor was not sure "what to make of this" but treated her with a steroid

9

injection (AR 475). On July 25, 2012, the doctor noted that while plaintiff's index finger was better, she had triggering of the right thumb, which he treated with an injection (AR 474). By August 15, 2012, plaintiff was doing much better, and the doctor was "going to put off any kind of surgical procedure" (AR 473).

The ALJ's failure to discuss all of the medical records with respect to plaintiff's right hand does not constitute error requiring reversal. The ALJ does not need to address each treatment note which appears in the administrative record. "Neither the ALJ nor the [Appeals] Council is required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion." *Boseley v. Commissioner of Social Security Administration*, 397 Fed. Appx. 195, 199 (6th Cir. 2010). *See also, Daniels v. Commissioner of Social Security*, 152 Fed. Appx. 485, 489 (6th Cir. 2005) ("an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered").

Furthermore, even if the ALJ had failed to consider the evidence, any omission was harmless error. As discussed, the additional evidence indicates that by August 15, 2012, Dr. Moulton found that plaintiff's right hand was doing much better and "put off" any surgical procedure. The doctor's finding and decision to cancel a surgical procedure indicate that plaintiff did not have a serious impairment of her right hand. It would serve no purpose to remand this action back to the Commissioner for the purpose of having the ALJ address Dr. Moulton's additional treatment notes from July and August 2012. "No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). Accordingly, plaintiff's claim of error will be denied.

### b. Plaintiff's peripheral neuropathy

Finally, plaintiff contends that the RFC determination failed to address her peripheral neuropathy. The record reflects that plaintiff's primary care physician noted a diagnosis of peripheral neuropathy in plaintiff's past medical history "likely secondary to diabetes mellitus" and the doctor "discussed the possibility of taking Lyrica" for this condition (AR 361-62). The ALJ determined that the diagnosis of peripheral neuropathy was not supported by objective evidence:

> During an October 2010 office visit, Paul Taylor, MD, the claimant's primary care physician, diagnosed her with peripheral neuropathy (Ex. 6F/15-16); however this diagnosis was not established by the objective medical evidence. Dr. Taylor did not perform any testing, including monofilament examination. Likewise, the claimant's peripheral neuropathy was never noted by any of her treating orthopedists.

(AR 15).

The fact that Dr. Taylor diagnosed plaintiff with peripheral neuropathy does not establish the extent of her limitations, if any, caused by that condition. *See McKenzie v. Commissioner of Social Security*, No. 99-3400, 2000 WL 687680 at *5 (6th Cir. May 19, 2000) ("the mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual") (*citing Foster v. Bowen*, 853 F.2d 488, 489 (6th Cir. 1988)). While plaintiff refers to a positive electromyography (EMG) study "showing nerve problems," the EMG study is not in the record and she does not address either the specifics of this study or how the "nerve problems" limited her ability to perform work related activities. Plaintiff's Brief, PageID# 573-74. Rather, plaintiff relies on a May 16, 2011 note from Dr. Wilson that an EMG study performed on August 12, 2010, revealed evidence of bilateral L5 radiculopathy (AR 290). Dr. Wilson's noted does not mention a diagnosis of or treatment for peripheral neuropathy

(AR 290). Based on this record, the ALJ's decision is supported by substantial evidence. Accordingly, plaintiff's claim of error will be denied.

### IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated: September 25, 2015                /s/ Ray Kent
                                         RAY KENT
                                         United States Magistrate Judge